UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN CARILLO-BELTRAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:06CV1783-DJS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

On April 29, 2004, Juan Carillo-Beltran pled guilty to a charge of conspiracy to distribute and to possess with intent to distribute in excess of one kilogram of heroin, in violation of 21 U.S.C. §846 and §841(a)(1), and punishable under §841(b)(1)(A). On September 2, 2004, this Court sentenced Carillo-Beltran to a term of 120 months' imprisonment, to be followed by a five-year term of supervised release. The judgment was affirmed on appeal to the United States Court of Appeals for the Eighth Circuit. The United States Supreme Court denied Carillo-Beltran's petition for writ of certiorari. Now before the Court is Carillo-Beltran's motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence, in which movant asserts six grounds for relief.

In Ground One, movant contends that he is entitled to relief because the Court sentenced him under a belief that the United States Sentencing Guidelines were mandatory in their

application.  Ground Two asserts that the holding of Booker v. United States, 543 U.S. 220 (2005), that the Guidelines are merely advisory, is retroactively applicable to movant because it established a new rule of constitutional law.  The Court readily concludes that movant shows no right to relief on Grounds One or Two.  Even though the Booker decision was announced in January 2005, when movant's sentence was on appeal in the Eighth Circuit, the Booker decision and treatment of the Sentencing Guidelines as advisory cannot alter movant's sentence.  The 120-month sentence of imprisonment imposed was a *statutory minimum sentence* pursuant to 18 U.S.C. §841(b)(1)(A), applicable to a criminal who possessed over one kilogram of heroin with intent to distribute. The application of the Guidelines, whether advisory or mandatory, did not yield movant's sentence.

In Ground Three, movant argues that his sentencing was unconstitutionally infected by a "structural" error, in that movant had insufficient notice of the potential for an enhanced sentence due to a prior conviction and that application of the Guidelines as mandatory offended the Sixth Amendment.  By this argument, movant appears to address the issue raised at sentencing concerning the 1994 conviction of Francisco Atrisco in Orange County, California of controlled substance offenses.  Attribution of this conviction to movant prevented the application of the "safety valve" provision

2

of 18 U.S.C. §3553(f) by which movant might have avoided the 10-year statutory minimum sentence.

On direct appeal, the Eighth Circuit considered and rejected movant's challenges to this Court's determination that movant was the same person as Francisco Atrisco, and its effect to preclude application of the safety valve. <u>United States v. Carillo-Beltran</u>, 424 F.3d 845, 848 (8th Cir. 2005). The Court of Appeals found that the Sixth Amendment was not violated. <u>Id</u>. To the extent movant now repeats the arguments previously made and considered on direct appeal, he cannot establish a right to relief. Claims raised and decided on direct appeal cannot be relitigated pursuant to §2255. See <u>United States v. Davis</u>, 406 F.3d 505, 511 (8th Cir. 2005).

To the extent movant's Ground Three attempts some new theory of challenge to these same circumstances of his sentencing, any such issue should have been raised on direct appeal and is not cognizable for the first time in these §2255 proceedings.

> The Supreme Court has stated that "a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165...(1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." <u>Poor Thunder v. United States</u>, 810 F.2d 817, 823 (8th Cir. 1987)...[Movant] is barred from bringing an action under 28 U.S.C. §2255 for unappealed errors to which no contemporaneous objection was made, unless he can show "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." <u>Frady</u>, *supra*, 456 U.S. at 168[.]

Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992). No relief will be granted on Ground Three.

Movant's Ground Four asserts that the sentencing enhancement based on his prior criminal history was unconstitutional in light of Blakely, Booker and Apprendi. As with Ground Three, the argument has previously been made and rejected on direct appeal, and no relief will be granted in these proceedings under §2255.

Ground Five challenges the constitutionality of 21 U.S.C. §841(b)(1)(A) and (B), arguing that the Sixth Amendment is violated by the apparent intention of Congress in enacting these provisions that drug quantity and type be determined by the court as sentencing factors and not by the jury as elements of the offense. This constitutional argument is unavailing for movant, who entered into a plea stipulation as to the type and quantity of drugs for which he was responsible. Because he stipulated that he possessed 1.610 kilograms of heroin, no other fact-finder was required to make any determinations of drug type or quantity. See Plea Agreement, Guidelines Recommendations and Stipulations [Doc. #59 in Cause No. 4:03CR759-DJS], pp. 5, 9. Ground Five is without merit.

In Ground Six, movant attempts to establish ineffective assistance of his counsel for failure to raise the challenges expressed in Grounds One through Five at the time of movant's sentencing. To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was

4

deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because the Court finds Grounds One through Five to be without merit, the Court readily concludes that counsel's performance was not deficient for failing to raise the issues, and that movant suffered no prejudice by counsel's alleged omissions.

Upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day.

Dated this ___10th___ day of April, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE